IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| IT'S MY PARTY, INC. and | * | |
| IT'S MY AMPHITHEATRE, INC., | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Civil No. JFM-09-547 |
| | * | |
| LIVE NATION, INC., | * | |
| Defendant. | * | |
| | * | |
| | * | |
| ****** | | |

MEMORANDUM

Plaintiffs, It's My Party, Inc. ("IMP") and It's My Amphitheatre, Inc. ("IMA"), filed antitrust claims under Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1 and 2, Section 4 of the Clayton Act, 15 U.S.C. § 15, and under the Maryland Antitrust Act, as well as common law claims for tortious interference with contract and unfair competition.  Plaintiffs allege that defendant, Live Nation, has deliberately and unlawfully acquired monopoly power in the concert promotion industry, thereby entitling plaintiffs to compensatory, treble, and punitive damages, attorneys' fees, and injunctive relief.  Now pending before the court is defendant Live Nation's motion for judicial notice of Exhibits 9 and 11–13 of the Lucy Yen Declaration in support of Live Nation's motion for summary judgment.  Live Nation's motion for judicial notice is denied.

BACKGROUND

It's My Party, Inc. ("IMP") is a concert promotion business, and It's My Amphitheatre, Inc. ("IMA") is a related venue management business, both of which are run by Seth Hurwitz, who operates in and around the Baltimore/Washington, D.C. area.  (Def.'s Mot. Summ. J. at 2, ECF 74.)  Live Nation is an international concert promoter.  (*Id*. at 5.)  IMP/IMA alleges that

1

Live Nation is engaged in unlawful tying arrangements, has unlawfully gained a monopoly in the concert promotion business, and has tortiously interfered with contracts and engaged in unfair competition.

In conjunction with its motion for summary judgment (which is not yet ripe because IMP/IMA were recently granted an extension to file their opposition), defendant Live Nation seeks judicial notice of four exhibits: (1) Plaintiffs IMP/IMA's objections to a proposed merger between Live Nation and Ticketmaster, filed in the United States District Court for the District of Columbia; (2) the United States' response to IMP/IMA's objections; (3) IMP/IMA's verified complaint filed in the Circuit Court of Maryland for Anne Arundel County, seeking injunctive relief against Live Nation's plans to build a concert venue; and (4) the court order dismissing the Anne Arundel County Circuit Court complaint.  Live Nation asserts that all four exhibits are public records, which may be judicially noticed according to Federal Rule of Evidence 201, and that the exhibits reflect IMP/IMA's history of failed legal challenges against Live Nation, thereby lending credibility to Live Nation's defense in this action.  (Def.'s Reply in Support of Mot. for Jud. Notice at 1, ECF No. 92.)

ANALYSIS

A court may take judicial notice of adjudicative facts.  Adjudicative facts, as opposed to legislative facts, "are simply the facts of the particular case."  Fed. R. Evid. 201(a) advisory committee's note.  Legislative facts "are those which have relevance to legal reasoning and the lawmaking process, whether in the formulation of a legal principle or ruling by a judge or court or in the enactment of a legislative body."  *Id*.  "[A]djudicative facts are facts about the parties and their activities, businesses, and properties; they usually answer the questions of who did

what, where, when, how, why, and with what motive or intent . . . ." *Dashiell v. Meeks*, 913 A.2d 10, 26 n.6 (Md. 2006). Though a court may take judicial notice of adjudicative facts, the general rule "is that a court will not travel outside the record of the case before it in order to take notice of proceedings in another case, even between the same parties, and in the same court, unless the proceedings are put in evidence; and the rule is sometimes enforced with considerable strictness." *Id*. at 26 (internal quotation marks omitted) (citing *Morse v. Lewis*, 54 F.2d 1027, 1029 (4th Cir. 1932)). In rare cases, however, the court may, in its discretion, judicially notice an adjudicative fact that is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

Rule 201 limits judicial notice to adjudicative facts, which must be not only relevant but also not subject to reasonable dispute. Thus, for the court to judicially notice the four exhibits at issue, they must constitute or contain adjudicative facts. The exhibits reference prior antitrust objections made by IMP/IMA regarding a proposed merger between Live Nation and Ticketmaster, the Justice Department's response to those filings, and a prior state court proceeding between Live Nation and IMP/IMA. The DOJ's response to IMP/IMA's objections and the state court's order dismissing IMP/IMA's complaint are not adjudicative facts but rather opinions and legal conclusions. If Live Nation argues that the mere fact of prior objections, the DOJ's response, and dismissal of state court proceedings is relevant to its defense, that fact may be adjudicative, but the legal conclusions contained therein are not.

Moreover, Live Nation asserts that the four exhibits are relevant to establishing its defense in this action, but in its motion for summary judgment Live Nation does not offer any

3

specific explanation as to how these exhibits are relevant to its defense. As IMP/IMA point out in their opposition to Live Nation's motion for judicial notice, Live Nation describes the facts underlying the four exhibits in detail in the undisputed facts section of its motion for summary judgment (Def.'s Mot. Summ. J. at 5), but Live Nation's legal argument does not reference the exhibits or the litigation and objections to which they pertain. In support of its motion for judicial notice, Live Nation suggests that the exhibits are relevant because IMP/IMA's objections to the proposed Ticketmaster merger and IMP/IMA's state court complaint contained allegations similar to those asserted here, which were rejected by both the DOJ and the Anne Arundel County Circuit Court. Live Nation contends that the DOJ and the Anne Arundel Circuit Court's finding that IMP/IMA overstated Live Nation's position in the market indicates that IMP/IMA cannot establish monopoly power and tying in this case either. While these prior allegations and decisions are loosely relevant to the instant case because they also involved Live Nation and antitrust law, Live Nation cannot assert a defense to this new antitrust claim based on the fact that prior antitrust claims involving other activity were unsuccessful. It is therefore unclear exactly how the exhibits are relevant to Live Nation's defense. The only apparent use for introducing the exhibits into evidence (let alone judicially noticing them) is to establish that IMP/IMA has made unsuccessful objections and brought at least one failed legal challenge against Live Nation in the past for activity unrelated to the instant action. Other than serving as background to a characterization of IMP/IMA as litigious, it is unclear how else these exhibits are relevant.

Even if it is true that the four exhibits are relevant to Live Nation's defense, to be granted judicial notice, the exhibits must also be either (1) generally known within the territorial jurisdiction of the trial court, or (2) capable of accurate and ready determination by resort to

sources whose accuracy cannot reasonably be questioned.  While the fact of the filings and proceedings is capable of accurate determination by resort to the public record, the truth of the contents of the exhibits is open to reasonable dispute.  Undoubtedly, Live Nation disputes IMP/IMA's objections to the proposed Ticketmaster merger, IMP/IMA disputes the DOJ's response to their objections, Live Nation disputes the allegations in IMP/IMA's state court complaint, and IMP/IMA disputes the decision to dismiss their state court action.  Because the contents of the exhibits are reasonably disputed, they do not qualify for judicial notice.

Live Nation's motion must therefore be denied to the extent that Live Nation wants the facts of the exhibits to be judicially noticed for their truth; if any judicial notice is to be made of the exhibits, it must be limited to the fact that there were prior proceedings and prior filings.  In other words, the exhibits may be judicially noticed not for the truth of the matters contained therein but merely to establish the fact of such prior proceedings if indeed that fact is relevant to establishing Live Nation's defense in this action.  Denying the motion for judicial notice of the contents of the exhibits does not preclude Live Nation from trying to introduce the exhibits as evidence of a lack of tying, absence of monopoly power, or failure to show antitrust injury if the exhibits would indeed make that showing.

<u>January 10, 2012</u>               <u>/s/                                                    </u>
Date                                              J. Frederick Motz
                                                  United States District Judge